Brian W. Steffensen (3092)
**Steffensen ◆ Law ◆ Office**
2159 South 700 East, Suite 240
Salt Lake City, Utah 84106
Telephone (801) 485-3707
Facsimile (801) 485-7140

FILED
U.S DISTRICT COURT

2008 JUN 26  A 10: 31

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CHAD H. HUMPHERYS,** | **COMPLAINT** |
| **Plaintiff,** | |
| vs. | **(JURY DEMAND)** |
| **EQUIFAX INFORMATION SERVICES, LLC., EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION SETTLEMENT SOLUTIONS, INC., BANK OF AMERICA, CARD MEMBER SERVICES, FORD MOTOR CREDIT, US BANK, JOHN AND JANE DOES 1-100,** | Case: 2:08cv00492<br>Assigned To : Stewart, Ted<br>Assign. Date : 6/26/2008<br>Description: Humpherys v. Equifax<br>Information Services et al |
| **Defendants.** | |

Chad H. Humpherys, by and through his counsel, Brian W. Steffensen, complains and

alleges against the Defendants as follows:

### JURISDICTION AND VENUE

**1.** Plaintiff and Defendants are of diverse citizenship.

2. This Court has jurisdiction over this matter pursuant to federal question

jurisdiction under 28 U.S.C. § 1331. The Court also has jurisdiction over this matter pursuant to

28 U.S.C. § 1332 on the basis of complete diversity. The matter in controversy in this action

exceeds the sum or value of $75,000, exclusive of interest and costs.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), in that

Defendants are authorized to do, and are doing business in the State of Utah.

## PARTIES

4.      Plaintiff is an individual residing in Montpelier, Idaho.

5.      Defendant, Equifax Information Services, LLC, which may also hereinafter be

referred to as "Equifax", is a foreign corporation authorized to do, and is doing business in the

State of Utah.

6.      Defendant, Experian Information Solutions, Inc., which may also hereinafter be

referred to as "Experian," is a foreign corporation authorized to do, and is doing business in the

State of Utah.

7.      Defendant, TransUnion Settlement Solutions, Inc., which may also hereinafter be

referred to as "TransUnion," is a foreign corporation authorized to do, and is doing business in

the State of Utah.

8.      Defendant, Bank of America, is a Delaware Corporation, with its principal place

of business in Newark, Delaware, and is doing business in the State of Utah.

9.      Defendant, Card Member Services, is a Missouri Corporation, with its principal

place of business in St. Louis, Missouri, and is doing business in the State of Utah.

10.     Defendant, Ford Motor Credit, is a Nebraska Corporation, which may also

hereinafter be referred to as "Ford," is a foreign corporation authorized to do, and is doing

business in the State of Utah.


11.     Defendant, US Bank, is an Ohio Corporation, is a foreign corporation authorized

to do, and is doing business in the State of Utah.

## NATURE OF THE ACTION

12.    Plaintiff, Chad H. Humpherys, is a consumer as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681a( c), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(3). Plaintiff is a victim of repeated false credit reportings.

13.    Defendant, **EQUIFAX INFORMATION SERVICES, LLC., ("Equifax") is a consumer reporting agency as defined by FCRA, 15 U.S.C. § 1681a(f).**

**14.    Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") is a consumer reporting agency as defined by FCRA, 15 U.S.C. §1681a(f).**

**15.    Defendant, TRANSUNION SETTLEMENT SOLUTIONS, INC.,** ("TransUnion") **is a consumer reporting agency as defined by FCRA, 15 U.S.C. §1681a(f).**

16.    Defendant, Bank of America, **is a furnisher as defined by FCRA, 15 U.S.C. §1681a(f).**

17.    Defendant, Card Member Services, **is a furnisher as defined by FCRA, 15 U.S.C. §1681a(f).**

18.    Defendant, Ford Motor Credit, **is a furnisher as defined by FCRA, 15 U.S.C. §1681a(f).**

19.    Defendant, US Bank, **is a furnisher as defined by FCRA, 15 U.S.C. §1681a(f).**

## FACTS

20.    Defendants, Equifax, Experian and TransUnion, prepared and issued consumer credit reports concerning Plaintiff, which included inaccurate information, including, but not limited to, the reporting of a Chapter 7 Bankruptcy, to which Plaintiff was never a party.

21.    Defendants, Bank of America, Card Member Services, Ford Motor Credit, and US Bank have reported to the credit bureaus inaccurate information, which included a Chapter 7

Bankruptcy Discharge on his credit report, to which Plaintiff was never a party.

22.     Plaintiff notified all the Defendants that he disputed the accuracy of the information Defendants were reporting and the information in Defendants' files on Plaintiff. Defendants continued to report inaccurate information.

23.     In June of 2003, Plaintiff's then wife filed solely for relief under Chapter 7 Bankruptcy. The Defendants reported on Plaintiff's credit file that he also was a party to this bankruptcy, which was false and inaccurate information.

24.     Defendants have also reported on Plaintiff's credit report that there have been several accounts discharged in a Chapter 7 Bankruptcy, which is false and inaccurate information.

25.     On or about September 24, 2007, Plaintiff disputed to the three Defendants, Equifax, Experian and TransUnion, that said bankruptcy reported on his credit did not belong to him. Said Defendants forwarded the disputes to the various furnishers, who reconfirmed the wrongful and inaccurate information, and failed to fully reinvestigate the disputes.

26.     On or about November 10, 2007, Plaintiff provided all three Defendants, Equifax, Experian and TransUnion, with additional documentation, proving that he was never a party to a Chapter 7 Bankruptcy. Said Defendants forwarded the disputes to the various furnishers, who reconfirmed the wrongful and inaccurate information, and failed to fully reinvestigate the disputes.

27.     On or about March 11, 2008, Plaintiff again provided all three Defendants, Equifax, Experian and TransUnion, with additional documentation, proving that he was never a party to a Chapter 7 Bankruptcy. Said Defendants forwarded the disputes to the various furnishers, who reconfirmed the wrongful and inaccurate information, and failed to fully

reinvestigate the disputes. Defendant, Equifax, responded by informing the Plaintiff that said Bankruptcy was not reported on his credit file, but failed and/or refused to correct the additional disputes of numerous accounts noting "discharged in a Bankruptcy" from his credit file for various accounts. Defendant, TransUnion, responded to Plaintiff that Plaintiff's claim were "frivolous" and they would not investigate any further. Defendant, Experian, responded with a claim that Plaintiff had a Chapter 7 Bankruptcy "dismissed" rather than "discharged".

28.     On or about April 30, 2008, Plaintiff again disputed the Chapter 7 Bankruptcy to the two Defendants, Experian and TransUnion, and disputed to Defendants Bank of America, Card Member Services, Ford Motor Credit and US Bank, the noting of "discharged in a bankruptcy" on his credit report. The CRA Defendant forwarded the disputes to the various furnisher Defendants, who reconfirmed the wrongful and inaccurate information, and failed to fully reinvestigate the disputes.

29.     On or about June 11, 2008, Plaintiff was turned down on a credit application to Motorsportsland, located in Salt Lake City, Utah, for the purchase of a 5th wheel trailer. Said trailer is necessary for his employment and livelihood. Damon, who is in the financing department at Motorsportsland, indicated that the Chapter 7 Bankruptcy being reported on Plaintiff's credit report by TransUnion was the reason for the denial of credit.

30.     On or about June 12, 2008, Plaintiff was denied credit for a purchase at Edge Watersports in Draper, Utah. The finance manager at Edge Watersports said the denial was based on the credit report indicating a Chapter 7 Bankruptcy being filed in 2003.

## FIRST CLAIM FOR RELIEF

(Against Equifax)
(Negligent Noncompliance with FCRA)

31.     Plaintiff realleges and incorporates paragraphs 1 through 30.

32.     Defendant Equifax negligently failed to comply with the requirements of FCRA,

including, but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of
the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

(b)     failing to comply with the requirements in 15 USC § 1681 I;

( c)    failing to comply with the requirements in 15 USC § 1681 c;

(d)     failing to comply with the requirements in 15 USC § 1681 b;

(e)     failing to comply with the requirements in 15 USC § 1681 g.

33.     As a result of Defendant Equifax's failure to comply with the requirements of

FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including denial of credit,

lost opportunity to receive credit, increased cost for credit, damage to his reputation, invasion of

privacy and emotional distress for which he seeks an amount not less than $25,000.00.  Plaintiff

also seeks punitive damages in an amount to be determined by the jury.

34.     Prior to and after this action was filed, Equifax failed to properly respond to

Plaintiff's disputes.

35.     Prior to and after this action was filed, Equifax wrongfully released information

about Plaintiff.

36.     Plaintiff requests his attorney fees pursuant to 15 USC § 1681n(a).

## SECOND CLAIM FOR RELIEF

(Against Equifax)
(Willful Noncompliance with FCRA)

37.     Plaintiff realleges and incorporates paragraphs 1 through 36.

38.     Defendant Equifax willfully failed to comply with the requirements of FCRA,

including, but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of
the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

(b)     failing to comply with the requirements in 15 USC § 1681 I;

( c)     failing to comply with the requirements in 15 USC § 1681 c;

(d)     failing to comply with the requirements in 15 USC § 1681 b;

(e)     failing to comply with the requirements in 15 USC § 1681 g.

39.     As a result of Defendant Equifax's failure to comply with the requirements of

FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including denial of credit,

lost opportunity to receive credit, increased cost for credit, damage to his reputation, invasion of

privacy and emotional distress for which he seeks an amount not less than $25,000.00.  Plaintiff

also seeks punitive damages in an amount to be determined by the jury.

40.     Prior to and after this action was filed, Equifax failed to properly respond to

Plaintiff's disputes.

41.     Prior to and after this action was filed, Equifax wrongfully released information

about Plaintiff.

42.     Plaintiff requests his attorney fees pursuant to 15 USC § 1681n(a).

WHEREFORE, Plaintiff prays for judgment against Equifax as follows:

First Claim for Relief:

A.      Awarding actual damages in an amount not less than $25,000.00;

B.      Punitive damages;

C.      Attorneys' fees;

D.      Costs and expenses incurred in this action;

Second Claim for Relief

A.      Awarding actual damages in an amount not less than $25,000.00;

B.      Punitive damages;

C.      Attorneys' fees;

D.      Costs and expenses incurred in this action;

**PLAINTIFF REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

### THIRD CLAIM FOR RELIEF

(Against Experian)
(Negligent Noncompliance with FCRA)

43.     Plaintiff realleges and incorporates paragraphs 1 through 42.

44.     Defendant Experian negligently failed to comply with the requirements of FCRA,

including, but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of
        the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

(b)     failing to comply with the requirements in 15 USC § 1681 I;

( c)    failing to comply with the requirements in 15 USC § 1681 c;

(d)     failing to comply with the requirements in 15 USC § 1681 b;

(e)     failing to comply with the requirements in 15 USC § 1681 g.

45.     As a result of Defendant Experian's failure to comply with the requirements of

FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including denial of credit,

lost opportunity to receive credit, increased cost for credit, damage to his reputation, invasion of

privacy and emotional distress for which he seeks an amount not less than $25,000.00.  Plaintiff

also seeks punitive damages in an amount to be determined by the jury.

46.     Prior to and after this action was filed, Experian failed to properly respond to

Plaintiff's disputes.

47.     Prior to and after this action was filed, Experian wrongfully released information

about Plaintiff.

48.     Plaintiff requests his attorney fees pursuant to 15 USC § 1681n(a).

### FOURTH CLAIM FOR RELIEF

(Against Experian)
(Willful Noncompliance with FCRA)

49.     Plaintiff realleges and incorporates paragraphs 1 through 48.

50.     Defendant Experian willfully failed to comply with the requirements of FCRA,

including, but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of
        the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

(b)     failing to comply with the requirements in 15 USC § 1681 I;

( c)    failing to comply with the requirements in 15 USC § 1681 c;

(d)     failing to comply with the requirements in 15 USC § 1681 b;

(e)     failing to comply with the requirements in 15 USC § 1681 g.

51.     As a result of Defendant Experian's failure to comply with the requirements of

FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including denial of credit,

lost opportunity to receive credit, increased cost for credit, damage to his reputation, invasion of privacy and emotional distress for which he seeks an amount not less than $25,000.00. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

52. Prior to and after this action was filed, Experian failed to properly respond to Plaintiff's disputes.

53. Prior to and after this action was filed, Experian wrongfully released information about Plaintiff.

54. Plaintiff requests his attorney fees pursuant to 15 USC § 1681n(a).

WHEREFORE, Plaintiff prays for judgment against Experian as follows:

Third Claim for Relief:

A.    Awarding actual damages in an amount not less than $25,000.00;

B.    Punitive damages;

C.    Attorneys' fees;

D.    Costs and expenses incurred in this action;

Fourth Claim for Relief

A.    Awarding actual damages in an amount not less than $25,000.00;

B.    Punitive damages;

C.    Attorneys' fees;

D.    Costs and expenses incurred in this action;

**PLAINTIFF REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

## FIFTH CLAIM FOR RELIEF

(Against TransUnion)
(Negligent Noncompliance with FCRA)

55.    Plaintiff realleges and incorporates paragraphs 1 through 54.

56.    Defendant TransUnion negligently failed to comply with the requirements of
FCRA,

including, but not limited to:

(a)    failing to follow reasonable procedures to assure maximum possible accuracy of
the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

(b)    failing to comply with the requirements in 15 USC § 1681 I;

( c)    failing to comply with the requirements in 15 USC § 1681 c;

(d)    failing to comply with the requirements in 15 USC § 1681 b;

(e)    failing to comply with the requirements in 15 USC § 1681 g.

57.    As a result of Defendant TransUnion's failure to comply with the requirements of

FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including denial of credit,

lost opportunity to receive credit, increased cost for credit, damage to his reputation, invasion of

privacy and emotional distress for which he seeks an amount not less than $25,000.00.  Plaintiff

also seeks punitive damages in an amount to be determined by the jury.

58.    Prior to and after this action was filed, TransUnion failed to properly respond to

Plaintiff's disputes.

59.    Prior to and after this action was filed, TransUnion wrongfully released

information about Plaintiff.

60.    Plaintiff requests his attorney fees pursuant to 15 USC § 1681n(a).

## SIXTH CLAIM FOR RELIEF

(Against TransUnion)
(Willful Noncompliance with FCRA)

61.     Plaintiff realleges and incorporates paragraphs 1 through 60.

62.     Defendant TransUnion willfully failed to comply with the requirements of FCRA,

including, but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of
        the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

(b)     failing to comply with the requirements in 15 USC § 1681 I;

( c)    failing to comply with the requirements in 15 USC § 1681 c;

(d)     failing to comply with the requirements in 15 USC § 1681 b;

(e)     failing to comply with the requirements in 15 USC § 1681 g.

61.     As a result of Defendant TransUnion's failure to comply with the requirements of

FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including denial of credit,

lost opportunity to receive credit, increased cost for credit, damage to his reputation, invasion of

privacy and emotional distress for which he seeks an amount not less than $25,000.00.  Plaintiff

also seeks punitive damages in an amount to be determined by the jury.

62.     Prior to and after this action was filed, TransUnion failed to properly respond to

Plaintiff's disputes.

63.     Prior to and after this action was filed, TransUnion wrongfully released

information about Plaintiff.

64.     Plaintiff requests his attorney fees pursuant to 15 USC § 1681n(a).

WHEREFORE, Plaintiff prays for judgment against TransUnion as follows:

Fifth Claim for Relief:

A.     Awarding actual damages in an amount not less than $25,000.00;

B.     Punitive damages;

C.     Attorneys' fees;

D.     Costs and expenses incurred in this action;

Sixth Claim for Relief

A.     Awarding actual damages in an amount not less than $25,000.00;

B.     Punitive damages;

C.     Attorneys' fees;

D.     Costs and expenses incurred in this action;

**PLAINTIFF REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

### SEVENTH CLAIM FOR RELIEF

(Against Bank of America)
(Negligent Noncompliance with FCRA)

67.     Plaintiff realleges and incorporates paragraphs 1 through 66.

68.     Defendant Bank of America negligently failed to comply with the requirements of

FCRA, including, but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of
the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

(b)     failing to comply with the requirements in 15 USC § 1681 I;

( c)     failing to comply with the requirements in 15 USC § 1681 c;

(d)     failing to comply with the requirements in 15 USC § 1681 b;

(e)     failing to comply with the requirements in 15 USC § 1681 g.

69.     As a result of Defendant Bank of America's failure to comply with the

requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including

denial of credit, lost opportunity to receive credit, increased cost for credit, damage to his

reputation, invasion of privacy and emotional distress for which he seeks an amount not less than

$25,000.00. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

70.     Prior to and after this action was filed, Bank of America failed to properly respond

to Plaintiff's disputes.

71.     Prior to and after this action was filed, Bank of America wrongfully released

information about Plaintiff.

72.     Plaintiff requests his attorney fees pursuant to 15 USC § 1681n(a).

## EIGHTH CLAIM FOR RELIEF

(Against Bank of America)
(Willful Noncompliance with FCRA)

73.     Plaintiff realleges and incorporates paragraphs 1 through 72.

74.     Defendant Bank of America willfully failed to comply with the requirements of

FCRA, including, but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of
        the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

(b)     failing to comply with the requirements in 15 USC § 1681 I;

( c)    failing to comply with the requirements in 15 USC § 1681 c;

(d)     failing to comply with the requirements in 15 USC § 1681 b;

(e)     failing to comply with the requirements in 15 USC § 1681 g.

75.     As a result of Defendant Bank of America's failure to comply with the

requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including

denial of credit, lost opportunity to receive credit, increased cost for credit, damage to his reputation, invasion of privacy and emotional distress for which he seeks an amount not less than $25,000.00. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

76.     Prior to and after this action was filed, Bank of America failed to properly respond to Plaintiff's disputes.

77.     Prior to and after this action was filed, Bank of America wrongfully released information about Plaintiff.

78.     Plaintiff requests his attorney fees pursuant to 15 USC § 1681n(a).

WHEREFORE, Plaintiff prays for judgment against Bank of America as follows:

Seventh Claim for Relief:

A.     Awarding actual damages in an amount not less than $25,000.00;

B.     Punitive damages;

C.     Attorneys' fees;

D.     Costs and expenses incurred in this action;

Eighth Claim for Relief

A.     Awarding actual damages in an amount not less than $25,000.00;

B.     Punitive damages;

C.     Attorneys' fees;

D.     Costs and expenses incurred in this action;

**PLAINTIFF REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

### NINTH CLAIM FOR RELIEF

(Against Card Member Services)
(Negligent Noncompliance with FCRA)

79.     Plaintiff realleges and incorporates paragraphs 1 through 78.

80.     Defendant Card Member Services negligently failed to comply with the
requirements of FCRA,

including, but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of
the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

(b)     failing to comply with the requirements in 15 USC § 1681 I;

( c)     failing to comply with the requirements in 15 USC § 1681 c;

(d)     failing to comply with the requirements in 15 USC § 1681 b;

(e)     failing to comply with the requirements in 15 USC § 1681 g.

81.     As a result of Defendant Card Member Services's failure to comply with the

requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including

denial of credit, lost opportunity to receive credit, increased cost for credit, damage to his

reputation, invasion of privacy and emotional distress for which he seeks an amount not less than

$25,000.00. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

82.     Prior to and after this action was filed, Card Member Services failed to properly

respond to Plaintiff's disputes.

83.     Prior to and after this action was filed, Card Member Services wrongfully released

information about Plaintiff.

84.     Plaintiff requests his attorney fees pursuant to 15 USC § 1681n(a).

## TENTH CLAIM FOR RELIEF

(Against Card Member Services)
(Willful Noncompliance with FCRA)

85.    Plaintiff realleges and incorporates paragraphs 1 through 84.

86.    Defendant Card Member Services willfully failed to comply with the requirements

of FCRA, including, but not limited to:

(a)    failing to follow reasonable procedures to assure maximum possible accuracy of
the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

(b)    failing to comply with the requirements in 15 USC § 1681 I;

( c)    failing to comply with the requirements in 15 USC § 1681 c;

(d)    failing to comply with the requirements in 15 USC § 1681 b;

(e)    failing to comply with the requirements in 15 USC § 1681 g.

87.    As a result of Defendant Card Member Services's failure to comply with the

requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including

denial of credit, lost opportunity to receive credit, increased cost for credit, damage to his

reputation, invasion of privacy and emotional distress for which he seeks an amount not less than

$25,000.00. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

88.    Prior to and after this action was filed, Card Member Services failed to properly

respond to Plaintiff's disputes.

89.    Prior to and after this action was filed, Card Member Services wrongfully released

information about Plaintiff.

90.    Plaintiff requests his attorney fees pursuant to 15 USC § 1681n(a).

WHEREFORE, Plaintiff prays for judgment against Card Member Services as follows:

Ninth Claim for Relief:

A.      Awarding actual damages in an amount not less than $25,000.00;

B.      Punitive damages;

C.      Attorneys' fees;

D.      Costs and expenses incurred in this action;

Tenth Claim for Relief

A.      Awarding actual damages in an amount not less than $25,000.00;

B.      Punitive damages;

C.      Attorneys' fees;

D.      Costs and expenses incurred in this action;

**PLAINTIFF REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**ELEVENTH CLAIM FOR RELIEF**

(Against Ford Motor Credit)
(Negligent Noncompliance with FCRA)

91.     Plaintiff realleges and incorporates paragraphs 1 through 90.

92.     Defendant Ford Motor Credit negligently failed to comply with the requirements

of FCRA, including, but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of
        the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

(b)     failing to comply with the requirements in 15 USC § 1681 I;

( c)    failing to comply with the requirements in 15 USC § 1681 c;

(d)     failing to comply with the requirements in 15 USC § 1681 b;

(e)     failing to comply with the requirements in 15 USC § 1681 g.

93.     As a result of Defendant Ford Motor Credit's failure to comply with the

requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including

denial of credit, lost opportunity to receive credit, increased cost for credit, damage to his

reputation, invasion of privacy and emotional distress for which he seeks an amount not less than

$25,000.00. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

94.     Prior to and after this action was filed, Ford Motor Credit failed to properly

respond to Plaintiff's disputes.

95.     Prior to and after this action was filed, Ford Motor Credit wrongfully released

information about Plaintiff.

96.     Plaintiff requests his attorney fees pursuant to 15 USC § 1681n(a).

## TWELVETH CLAIM FOR RELIEF

(Against Ford Motor Credit)
(Willful Noncompliance with FCRA)

97.     Plaintiff realleges and incorporates paragraphs 1 through 96.

98.     Defendant Ford Motor Credit willfully failed to comply with the requirements of

FCRA, including, but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of
        the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

(b)     failing to comply with the requirements in 15 USC § 1681 I;

( c)    failing to comply with the requirements in 15 USC § 1681 c;

(d)     failing to comply with the requirements in 15 USC § 1681 b;

(e)     failing to comply with the requirements in 15 USC § 1681 g.

99.     As a result of Defendant Ford Motor Credit's failure to comply with the

requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including

denial of credit, lost opportunity to receive credit, increased cost for credit, damage to his

reputation, invasion of privacy and emotional distress for which he seeks an amount not less than

$25,000.00. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

100.    Prior to and after this action was filed, Ford Motor Credit failed to properly respond to Plaintiff's disputes.

101.    Prior to and after this action was filed, Ford Motor Credit wrongfully released information about Plaintiff.

102.    Plaintiff requests his attorney fees pursuant to 15 USC § 1681n(a).

WHEREFORE, Plaintiff prays for judgment against Ford Motor Credit as follows:

Eleventh Claim for Relief:

A.    Awarding actual damages in an amount not less than $25,000.00;

B.    Punitive damages;

C.    Attorneys' fees;

D.    Costs and expenses incurred in this action;

Twelveth Claim for Relief

A.    Awarding actual damages in an amount not less than $25,000.00;

B.    Punitive damages;

C.    Attorneys' fees;

D.    Costs and expenses incurred in this action;

**PLAINTIFF REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

### THIRTEENTH CLAIM FOR RELIEF

(Against US Bank)
(Negligent Noncompliance with FCRA)

103.    Plaintiff realleges and incorporates paragraphs 1 through 102.

104.    Defendant US Bank negligently failed to comply with the requirements of

FCRA, including, but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

(b)     failing to comply with the requirements in 15 USC § 1681 I;

( c)    failing to comply with the requirements in 15 USC § 1681 c;

(d)     failing to comply with the requirements in 15 USC § 1681 b;

(e)     failing to comply with the requirements in 15 USC § 1681 g.

105.    As a result of Defendant US Bank's failure to comply with the requirements of

FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including denial of credit,

lost opportunity to receive credit, increased cost for credit, damage to his reputation, invasion of

privacy and emotional distress for which he seeks an amount not less than $25,000.00.  Plaintiff

also seeks punitive damages in an amount to be determined by the jury.

106.    Prior to and after this action was filed, US Bank failed to properly respond to

Plaintiff's disputes.

107.    Prior to and after this action was filed, US Bank wrongfully released

information about Plaintiff.

108.    Plaintiff requests his attorney fees pursuant to 15 USC § 1681n(a).

### FOURTEENTH CLAIM FOR RELIEF

(Against US Bank)
(Willful Noncompliance with FCRA)

109.    Plaintiff realleges and incorporates paragraphs 1 through 108.

110.    Defendant US Bank willfully failed to comply with the requirements of FCRA,

including, but not limited to:

(a)     failing to follow reasonable procedures to assure maximum possible accuracy of

the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

(b)     failing to comply with the requirements in 15 USC § 1681 I;

( c)    failing to comply with the requirements in 15 USC § 1681 c;

(d)     failing to comply with the requirements in 15 USC § 1681 b;

(e)     failing to comply with the requirements in 15 USC § 1681 g.

111.    As a result of Defendant US Bank's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including denial of credit, lost opportunity to receive credit, increased cost for credit, damage to his reputation, invasion of privacy and emotional distress for which he seeks an amount not less than $25,000.00. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

112.    Prior to and after this action was filed, US Bank failed to properly respond to Plaintiff's disputes.

113.    Prior to and after this action was filed, US Bank wrongfully released information about Plaintiff.

114.    Plaintiff requests his attorney fees pursuant to 15 USC § 1681n(a).

WHEREFORE, Plaintiff prays for judgment against US Bank as follows:

Thirteenth Claim for Relief:

A.     Awarding actual damages in an amount not less than $25,000.00;

B.     Punitive damages;

C.     Attorneys' fees;

D.     Costs and expenses incurred in this action;

Fourteenth Claim for Relief

A.     Awarding actual damages in an amount not less than $25,000.00;

B.      Punitive damages;

C.      Attorneys' fees;

D.      Costs and expenses incurred in this action;

**PLAINTIFF REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED this _75_ day of June 2008.

Brian W. Steffensen
Attorney for Plaintiff

*Serve Defendant Equifax at:*
Corporation Services Company
2180 South 1300 East, #650
Salt Lake City, Utah 84106

*Serve Defendant Experian at:*
CT Corporation Systems
136 East South Temple, Suite 2100
Salt Lake City, Utah 84111

*Serve Defendant TransUnion at*:
Corporation Services Company
2180 South 1300 East, #650
Salt Lake City, Utah 84106

*Serve Defendant Bank of America at*:
Bank of America
4060 Ogletown Stanton Rd.
Newark, DE 19713

*Serve Defendant Card Member Services at*:
Card Member Services
CB Disputes
St. Louis, MO 63166

*Serve Defendant Ford Motor Credit at*:
Ford Motor Credit
CT Corporation Systems
136 East South Temple, Suite 2100
Salt Lake City, Utah 84111

***Serve Defendant US Bank at***:
US Bank
170 South Main
Salt Lake City, Utah 84101