IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHAD H. HUMPHREYS,<br><br>    Plaintiff,<br><br><br><br><br><br><br><br>        vs.<br><br><br>EQUIFAX INFORMATION SERVICES, LLC., EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION SETTLEMENT SOLUTIONS, INC., BANK OF AMERICA, CARD MEMBER SERVICES, FORD MOTOR CREDIT, US BANK, LEXIS NEXIS, JOHN AND JANE DOES 1-100,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT LEXIS NEXIS'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br><br><br><br><br>Case No. 2:08-CV-492 TS |

This issue is before the Court on Plaintiff's Motion to Amend the Complaint and Defendants Motion to Dismiss.

## I. Background

Plaintiff brought this action against seven Defendants and Does 1-100, based on violations of 15 U.S.C. § 1681, the Fair Credit Reporting Act (FCRA), and 15 U.S.C. § 1692, the

Fair Debt Collection Practices Act (FDCPA).[1]  On July 16, 2009, one day after the deadline for

filing amended pleadings,[2] Plaintiff filed an Amended Complaint naming Lexis Nexis (Lexis) for

the first time.[3]  On August 20, 2009, Plaintiff filed a motion dismissing the claims against all

Defendants except Lexis, which was granted by this Court the same day.[4]  In its Motion to

Amend, Plaintiff states that all of the Defendants except Lexis have been dismissed from the

case.[5]

      Plaintiff argues its motion to amend should be granted for clarification purposes because

all other Defendants have been dismissed.  Plaintiff states this is a "brand new case with respect

to LexisNexis,"[6] and that leave to amend is generally granted "without much fuss."[7]  Plaintiff

further argues that if this Court finds the current Amended Complaint is deficient, tending to

support Defendant's Motion to Dismiss, such ills would be cured in its Second Amended

Complaint.  Defendant argues Plaintiff should not be permitted to amend its complaint because

the motion is untimely, unduly prejudicial, and futile.[8]  As discussed below, the Court agrees

with Defendant's averments and therefore Defendant's Motion to Dismiss will be granted while

Plaintiff's Motion to Amend will be denied.

---

[1]Docket No. 1 at ¶ 12.

[2]Docket No. 72.

[3]Docket No. 79.

[4]Docket No. 83; Docket No. 84.

[5]Docket No. 101.

[6]*Id*. at 2.

[7]*Id*.

[8]Docket No. 86. at 7.

**II. Analysis**

A. Motion to Dismiss

*i. Standard of Review*

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party in this case.[9]  This standard applies to both the original and amended complaint.[10]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[11]  But, the court "need not accept conclusory allegations without supporting factual averments."[12]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[13]

The Court explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[14]  Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a

---

[9]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[10]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[11]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[12]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[13]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[14]*Id*.

reasonable likelihood of mustering factual support for these claims.[15]

*ii. Discussion*

Although this Court must take all well plead facts in the Complaint as true for the purpose of this Motion, the Court is only able to do this when well plead facts are alleged.  As stated time and time again, conclusory allegations do not constitute a factual basis for a claim, and are, therefore, insufficient to state a claim upon which relief can be granted.[16]  Plaintiff failed to state any facts even tending to support a claim upon which relief can be granted.  In its amended complaint Plaintiff does not mention Lexis at all in the recitation of Defendants or facts, and is mentioned for the first time on page 23.[17]   Plaintiff states in both its fifteenth and sixteenth claims for relief that Lexis failed to comply with 15 U.S.C. § 1681e(b).[18]  But Plaintiff does not state any facts regarding how Lexis failed to comply with the requirements, instead Plaintiff lists over and over that it "failed to comply with the requirements."[19]  It also states that Lexis failed to properly respond to its dispute, but gives no dates or specific instances to back up this allegation.[20]  "Plaintiff must provide enough facts to state a claim for relief that is plausible on its face,"[21] without any facts, reaching this standard is not possible.  Because the Court does

---

[15]*The Ridge at Red Hawk, LLC  v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[16]*In re RX Energy, Inc.*, 2009 WL 181828, at *4 ( D. Utah June 25, 2009) (quoting *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (internal citations omitted).

[17]Docket No. 29, at ¶116; *see* ¶¶ 12-30.

[18]Docket No. 79 at ¶¶ 116, 122

[19]*Id*,

[20]*Id*. at ¶ 118.

[21]*Twombly*, 550 U.S. at 547.

4

not find Plaintiff has sufficiently stated a claim upon which relief may be granted, the Court will grant Defendant's Motion to Dismiss.

Even assuming this Court was inclined to grant a leave to amend, the proposed Second Amended Complaint also fails to state a claim upon which relief can be granted.[22]  Plaintiff repeats multiple times, at the end of its factual allegations against the former defendants "including Lexis Nexis, who reconfirmed the wrongful and inaccurate information, and failed to fully reinvestigate the disputes."[23]  These, the Court believes, are merely conclusory allegations containing no facts.  Plaintiff does not make one affirmative factual statement about the allegations.  As discussed further below, the Second Amended Complaint only adds the name Lexis Nexis in six places.[24]  No additional facts are included.  In order to state a plausible claim that can survive a motion to dismiss, factual allegations must be plead.  Merely adding a Defendant's name in a few places does not replace the need for facts.  Therefore the Court finds that the proposed Second Amended Complaint also fails to state a claim upon which relief can be granted.

B. Motion to Amend

*i. Standard of Review*

Fed.R.Civ.P Rule 15(d) provides that, after a responsive pleading has been served, "a party may amend its pleadings only with the opposing party's written consent or the court's

---

[22]Plaintiff attached, as an exhibit, a copy of his second amended complaint to his motion and memorandum for the same.  *See* Docket No. 100-2.

[23]Docket No. 100-2 at ¶¶ 22-24, 28.

[24]*Compare* Docket No. 79 at ¶¶ 12-19, 25, 26, 27, 28 *with* Docket No. 100-2 ¶12, 17, 22-24, 28.

leave."[25] The Rule specifies that "leave shall be freely given when justice so requires."[26]  "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[27]

However, the Court may refuse to grant leave to amend where it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[28]  "Lateness does not of itself justify the denial of [an] amendment."[29]  However, "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[30]  "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[31]

The "most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[32]  "Courts typically find prejudice only

---

[25]FED. R. CIV. P. 15(a)(2).

[26]*Id.*

[27]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[28]*Id.* (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

[29]*Id.* at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)) (internal quotation marks omitted).

[30]*Id.* at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

[31]*Evans v. Taylorsville*, 2009 WL 1324055, at *8 (D. Utah May 11, 2009) (internal citations omitted).

[32]*Minter*, 451 F.3d at 1207.

when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment."[33]

Where an amendment is sought after the deadline for the amendment of pleadings set forth in a scheduling order, some courts also require that the plaintiff show good cause as required under Rule 16(b).[34]   The Tenth Circuit recently declined to decide whether to require a showing of good cause in such a situation, although it noted the "rough similarity between the 'good cause' standard of Rule 16(b) and [the Tenth Circuit's] 'undue delay' analysis under Rule 15."[35]   The "good cause" standard "requires the nonmoving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[36]   "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case . . . "[37]

*ii. Discussion*

In this case, Plaintiff brought Defendant Lexis into the suit over a year after the initial complaint was filed and one month before dismissing the claims as to the other Defendants.  The Motion for Leave to File a Second Amended Complaint was filed on the same day as its opposition to Defendant's Motion to Dismiss, after the Court had granted Plaintiff an extension of time to file that opposition. Although generally courts are instructed to freely grant a leave to

---

[33]*Id.* at 1208.

[34]*See id.* at 1205 n.4; *see* Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . .").

[35]*Minter*, 451 F.3d at 1205.

[36]*Id.* at 1205 n.4.

[37]*Evans*, 2009 WL 1324055, at *8 (internal citations omitted).

amend, that is not the case if it finds evidence of undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, or futility of the amendment.[38]  The Court believes at least three of the above circumstances are present here.

The Court finds at the very least, undue delay, failure to cure, and futility exist in this case.  Plaintiff amended his complaint over a year after the initial filing, naming Lexis as a Defendant for the first time.  This amended complaint should have cured any deficiencies present in the original.  The failure do to so, in the Court's opinion, results in both undue delay and a failure to cure previous defects.  Sixteen months passed between the original Complaint and the Amended Complaint, and the facts did not change since the initial filing.  Therefore, the Court finds Plaintiff's argument that this is a "brand new case"[39] against Lexis unpersuasive.  If the Court grants the requested leave, Defendants will have twenty days to respond, continuing the wheels of motion in the case without moving forward.  Moreover, the Court believes Plaintiff is attempting to use Rule 15 to create a moving target complaint,  because he is otherwise faced with a lost case.[40]

The Court also finds amending the complaint a second time would be futile.  The proposed complaint only adds Lexis Nexis in six places.  Plaintiff added paragraph 17 stating "Defendant Lexis Nexis, is a furnisher as defined by FCRA, 15 U.S.C. § 1681a(f).  Lexis Nexis researches various government records sourced directly, or has subcontractors do so, and provides information for a fee to Equifax, Experian and/or TransUnion (collectively the "CRAs") with

---

[38]*Minter*, 451 F.3d at 1204. (quoting *Forman*, 371 U.S. 182 (1962)).

[39]Docket No. 101 at 2.

[40]*Evans*, 2009 WL 1324055, at *8.

8

respect to these records."[41]  Besides the one addition above, Plaintiff did not change any factual

allegations, they merely added "including Lexis Nexis" to paragraphs 22, 23, 24 and 28.[42]

Plaintiff still makes no specific allegations, and instead relies on conclusory statements such as

"Lexis Nexis, who reconfirmed the wrongful and inaccurate information, and failed to fully

reinvestigate the disputes,"[43] and  "failing to comply with . . ."[44]  Because, the Court finds the

second amended complaint fails to state a claim upon which relief can be granted, discussed

previously, granting this second leave to amend would be futile.

Although generally courts are instructed to freely grant a leave to amend, the Court is

convinced the factors in this case call for the exception to this rule.  Therefore, the Court will deny

Plaintiff's motion for leave to amend.

### III. Conclusion

For the reasons stated above the Court does not believe granting a leave to amend would

be appropriate in this case.  Moreover the Court finds Plaintiff has failed to state a claim upon

which relief can be granted in both its Amended and proposed Second Amended Complaint.  It is

therefore

ORDERED Defendant's Motion to Dismiss (Docket No. 85) is GRANTED.  It is further

ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint

---

[41]Docket No. 100-2 at ¶ 17.

[42]*Compare* Docket No. 79 at ¶ 25, 26, 27, 28, 29 *with* Docket No. 100-2 at ¶ 22, 23, 24, 28.

[43]Docket No. 100-2 at ¶¶ 22-24, 28.

[44]*Id*. at ¶ 32.

(Docket No. 100) is DENIED.  The clerk of the court is directed to close this case.

DATED   October 28, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge